# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2021

Lyle W. Cayce
Clerk

No. 20-60212
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DOMINIQUE DONTONA ASHFORD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:19-CR-102-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Dominique Ashford appeals his conviction of possessing ammunition after a felony conviction and possessing a firearm after a felony conviction. 18 U.S.C. § 922(g)(1). He was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

At trial, the government alleged that, while responding to a domestic disturbance call at the home of Ashford's girlfriend, police found drugs and ammunition on Ashford's person.  In a search of the girlfriend's house, police also found a revolver that she identified as belonging to Ashford.

Ashford first maintains that the district court erred in denying his motion to suppress evidence of the ammunition and firearm.  "When reviewing a denial of a motion to suppress evidence, this Court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo."  *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).  Evidence is viewed in the light most favorable to the prevailing party, and "the clearly erroneous standard is particularly strong" where the district court's ruling is based on live oral testimony, as in this case.  *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted).

We reject Ashford's assertion that the court clearly erred in finding that his girlfriend consented to the search.  The decision to credit a police officer's testimony on this point was not clearly erroneous.  *See id.*  The court also did not clearly err in finding that the police had reason to suspect Ashford was armed, given that two officers testified that they were aware, based on either 911 calls or statements from Ashford's girlfriend at the scene, that Ashford had threatened her with a gun earlier that day.  Finally, Ashford's assertion that the seizure of the ammunition was outside the scope of a lawful *Terry* pat-down is without merit, because the ammunition was seized in a search incident to his arrest.  *See Terry v. Ohio*, 392 U.S. 1 (1968); *United States v. Robinson*, 414 U.S. 218, 227–28 (1973).

Next, Ashford avers that the district court erred in denying his motion *in limine* to exclude evidence of the drugs that were found on him.  We review evidentiary rulings for abuse of discretion, subject to the harmless error stan-

dard. *United States v. Sumlin*, 489 F.3d 686, 688 (5th Cir. 2007). Ashford asserts that the drugs were not admissible under Federal Rule of Evidence 404(b), but he does not challenge the district court's determination that Rule 404(b) was not implicated because the drug evidence was intrinsic. *See United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010). Although he also contends that the evidence should have been excluded as unfairly prejudicial under Federal Rule of Evidence 403, he has not explained why the asserted risk of unfair prejudice substantially outweighed the evidence's probative value. Accordingly, he fails to show that the district court abused its discretion in denying the motion *in limine*. *See Sumlin*, 489 F.3d at 688; *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008).

We also reject Ashford's argument that the court erred in denying his motion for judgment of acquittal or, in the alternative, for a new trial. The denial of a new trial is reviewed for abuse of discretion. *United States v. Wall*, 389 F.3d 457, 465 (5th Cir. 2004). While we "review a district court's denial of a motion for judgment of acquittal de novo, [that] review is narrow," *United States v. Williams*, 520 F.3d 414, 420 (5th Cir. 2008) (internal quotation marks and citations omitted), and "highly deferential to the verdict," *United States v. Gulley*, 526 F.3d 809, 816 (5th Cir. 2008) (internal quotation marks and citation omitted).

Contrary to Ashford's assertion, his girlfriend's testimony was not incredible or patently unbelievable. Although there were inconsistencies in her account of what she told police after they arrived, she consistently testified that Ashford had threatened her with a gun, which she identified as the .38 revolver that was found in the house. Her testimony on this point is supported by the fact that three .38 caliber bullets were found in Ashford's pockets. The evidence was sufficient for a rational fact finder to conclude that Ashford possessed a firearm and ammunition, and the district court properly denied the motion for acquittal or new trial. *See United States v. Girod*,

646 F.3d 304, 313 (5th Cir. 2011); *Gulley*, 526 F.3d at 816; *Wall*, 389 F.3d at 465.

Ashford has failed to brief adequately, and thus has abandoned, any theory that his Mississippi burglary conviction does not qualify as a violent felony under the ACCA, § 924(e)(1). *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Finally, we reject Ashford's claim that the district court clearly erred in applying the enhancement under U.S.S.G. § 4B1.4(b)(3) for possessing ammunition or a firearm in connection with a controlled-substance offense. Based on the quantity and packaging of the drugs found on Ashford's person, the court did not clearly err in finding that he intended to distribute the drugs. *See United States v. Fernandez*, 770 F.3d 340, 342 (5th Cir. 2014).

AFFIRMED.